In re POTTEIGER.

(District Court, E. D. Pennsylvania. September 10, 1910.)

No. 3,815.

BANKRUPTCY (§ 117*)—ACTS OF BANKRUPT—CONTEMPT.

It was a contempt of court for the bankrupt, after the filing of the bankruptcy petition and service of the subpœna, to deliver property in his possession to a third person on the claim that the latter was the owner and that the bankrupt was only a bailee; such alleged owner's remedy being by application to the bankruptcy court for surrender of the property by the receiver or trustee.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 117.*]

In the matter of bankruptcy proceedings of A. F. Potteiger. On receiver's rule to punish the bankrupt for contempt. Granted.

Grover C. Ladner, for trustee.
Alvin J. Smallwood, for bankrupt.

J. B. McPHERSON, District Judge. When the petition was filed against the bankrupt, and when the subpœna was served, he was in possession of a horse and wagon and was using them in his business. Asserting that he was only a bailee and that a third person was the real owner, he delivered the property to such person two or three days afterwards, and failed to comply with a subsequent order of the court directing him to turn it over to the receiver. It needs neither discussion nor citation to establish the proposition that a bankrupt has no lawful authority thus to deal with goods in his possession after a petition has been filed and a subpœna has been served. If the horse and wagon really belonged to another person, application to the court would have brought immediate protection, and complete relief after his ownership had been proved; but it was not for the bankrupt and the claimant to decide the question of ownership summarily, and dispose of property that was in the bankrupt's exclusive possession when the proceedings were begun. It may be that the claimant is in fact the owner; but the title was apparently in the bankrupt, and his creditors have a right to be heard upon the question whether he was the owner as he seemed to be, or was only a bailee for hire.

It is therefore adjudged, after hearing testimony and argument, that the bankrupt has been guilty of contempt in delivering to John C. Kunberger the horse and wagon in dispute. And it is ordered that the bankrupt deliver the horse and wagon to the receiver on or before September 15th, or in default thereof that he pay a fine of $25. If he shall fail to comply with one or the other of these alternatives, the marshal is directed to take him into custody and commit him to the county jail for a period of 10 days.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes